IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS FRANK,

    Petitioner,

v.                                                             No. 24-cv-0906-DHU-SCY

STATE OF NEW MEXICO, *et al*,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner Travis Frank's *pro se* Letter Regarding State Criminal Cases (Doc. 1) (Opening Petition). Petitioner was previously incarcerated in state prison. The Opening Petition references a state murder prosecution; a plea agreement; and various case names. After submitting the Opening Petition, Petitioner filed 16 supplemental pleadings. *See* Doc. 2-14; 16-18. The submissions appear to address criminal proceedings involving other defendants in New Mexico's San Juan County Court and cite to various types of state/federal cases. Many of the submissions include a blank space on the last page for a dollar amount [*i.e.,* ($____)], but the cause of action is not clear. *See, e.g.,* Docs. 5, 7.

"It is not the role of ... the Court ... to sort through a ... complaint and voluminous exhibits ... to construct [the movant's] causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014). *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Piecemeal submissions violate Fed. R. Civ. P. 8(a), which requires movants to submit a short, plain statement setting forth the grounds for relief. Consistent with these authorities, the Court declines to conduct an initial review of the current filings and will strike all

pending petitions, motions, and supplements (Docs. 1-14; 16-18) without prejudice.

Petitioner may file a single, amended pleading within thirty (30) days of entry of this Order. If he seeks money damages based on a civil rights violation that occurred in prison, he should file a 42 U.S.C. § 1983 complaint. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life"). If he seeks to challenge his criminal conviction, he should file a habeas corpus petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (habeas corpus is the sole federal remedy when state prisoner seeks any relief that "would necessarily demonstrate the invalidity of confinement or" conviction). Any amended complaint or habeas petition must be legible; describe the factual basis for the claims; and contain a clear request for relief. Petitioner is finally reminded that his amendment cannot raise claims on behalf of other inmates/defendants. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Adams ex rel. D.J.W.* v. *Astrue*, 659 F.3d 1297, 1299-300 (10th Cir. 2011) ("a [*pro se*] person may not appear on another person's behalf").

If Petitioner fails to timely comply or if he continues to file piecemeal submissions that violate the above instructions, the Court may dismiss this case without further notice.

**IT IS ORDERED** that the Court **STRIKES** all pending petitions, motions, and supplements (**Docs. 1-14; 16-18**).

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a single amended pleading that complies with the above instructions.

**IT IS FINALLY ORDERED** that the Clerk's Office shall mail Petitioner a blank civil

rights complaint; a blank 28 U.S.C. § 2254 habeas petition; and a blank *in forma pauperis* application.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE