**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TRAVIS FRANK,

Petitioner,

v. No. 24-cv-0906-DHU-SCY

STATE OF NEW MEXICO, *et al*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the voluminous, piecemeal pleadings filed by Petitioner Travis Frank in violation of Fed. R. Civ. P. 8(a) and Court Order. Frank was previously incarcerated in state prison and is proceeding *pro se*. The Court directed him to file a single amended complaint in lieu of his 16 initial pleadings, supplements, and notices. Because Frank responded by submitting over 75 more piecemeal pleadings, the Court will dismiss this case.

**BACKGROUND**

Frank initiated this case by filing a Letter that references a state murder prosecution; a plea agreement; and various case names. *See* Doc. 1. After submitting the Letter, Petitioner filed 16 more supplemental pleadings. *See* Doc. 2-14; 16-18. The submissions appear to address criminal proceedings involving other defendants in New Mexico's San Juan County Court and cite to various types of state/federal cases. Many of the submissions include a blank space on the last page for a dollar amount [*i.e.,* ($____)], but the cause of action is not clear. *See, e.g.,* Docs. 5, 7.

By a Memorandum Opinion and Order entered August 19, 2025, the Court explained that "[i]t is not the role of either the Court or the defendant[s] to sort through a lengthy…complaint and voluminous [supplemental pleadings]…to construct [Frank's] causes of action." Doc. 19

(Screening Ruling) (quoting *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014)). *See also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); *Pola v. Utah*, 458 Fed. Appx. 760, 762 (10th Cir. 2012) (rejecting submissions that include "everything but the kitchen sink"). The Screening Ruling explains that Frank's submissions violate Fed. R. Civ. P. 8(a), which requires movants to submit a short, plain statement setting forth the grounds for relief.

Consistent with these authorities, the Court declined to consider the merits of Frank's initial filings. *See* Screening Ruling at 1-2. Frank was directed to file a <u>single</u> amended pleading. *Id*. at 2. The Screening Ruling contains instructions on how to comply with Fed. R. Civ. P. 8(a) and describes the differences between civil rights claims and habeas claims. *Id.* Frank was advised that any amended complaint or habeas petition must be legible; describe the factual basis for the claims; and contain a clear request for relief. *Id.* Frank was further advised that his amendment cannot raise claims on behalf of other inmates/defendants. *Id.*; *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Adams ex rel. D.J.W.* v. *Astrue*, 659 F.3d 1297, 1299-300 (10th Cir. 2011) ("a [*pro se*] person may not appear on another person's behalf").

To assist with the amendment, the Clerk's Office mailed Frank a blank civil rights complaint; a blank habeas petition; and a blank *in forma pauperis* application. The Screening Ruling warns that if Frank fails to file a <u>single</u> amendment - and instead continues to file piecemeal submissions that violate the above instructions - the Court may dismiss this case without further notice. *See* Screening Ruling at 2.

After entry of the Screening Ruling, Frank filed over 75 more handwritten submissions. *See* Docs. 20-84; 86-99. Like the initial filings, the submissions appear to reference a state criminal case and the names of various other individuals. They also canvass topics such as European empires, luxury cars, and things that Frank considers evil. The Court will evaluate whether to dismiss the case with or without prejudice.

**DISCUSSION**

Frank's filings do not comply with Rule 8(a) or the Screening Ruling, for several reasons. His claims are not confined to a single pleading, as directed, and striking extraneous submissions would not cure the defect. The filings are at times illegible. It is not clear what particular claims Frank wishes to raise, and the piecemeal submissions make it impossible to identify specific Respondents or Defendants for purposes of service.

As noted above, Frank was warned that his claims must appear in a single pleading. Screening Ruling at 2. He was also cautioned that this case will be dismissed if he continued to submit piecemeal submissions that violate Rule 8(a). *Id.* Because Frank responded to the Screening Ruling by submitting over 75 more piecemeal filings, and for the reasons above, the Court will dismiss this case pursuant to Fed. R. Civ. P. 41(b) for "failure to…comply with the…court's orders" and, alternatively, pursuant to Rule 8(a) for failure to file a short, plain statement as instructed. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). The dismissal will be entered without prejudice, since it is still unclear what specific claims are being dismissed. *See Fontana v. Pearson,* 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) (applying the

same rule under Rule 41(b)).

Most plaintiffs are able to refile their claims following a dismissal without prejudice. In this case, however, it is not possible to discern the scope of the claims or when such claims arose for the purposes of any statute of limitations. To the extent any claim is barred by the statute of limitations, the *Ehrenhaus* factors support this ruling. *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (when it is possible claims may be barred by a statute of limitations, courts should consider factors such as prejudice; interference with the judicial process; the movant's culpability; prior dismissal warnings; and the efficacy of lesser sanctions). Frank was given detailed instructions on how to comply with Rule 8(a) and was given a prior warning on dismissal. The numerous piecemeal pleadings interfere with the judicial process. Ordering any state official to answer the filings would cause prejudice, as the claims and controlling pleadings are still unclear. It appears unlikely that additional admonishments would change the result, given the filing history, and the Court cannot find that dismissal would materially prejudice Frank's claims.

In sum, dismissal is appropriate pursuant to Rule 8(a), Rule 41(b), and—if it applies—*Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992). Such dismissal "does not count as a strike under [28 U.S.C.] § 1915(g)." *See Carbajal v. McCann*, 808 Fed. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule). To the extent certain filings can be construed as a habeas challenge to the underlying state convictions, the Court will deny a certificate of appealability (COA) under Habeas Corpus Rule 11. *See Barnes v. N.M. Dep't of Corrs.*, Tenth Circuit Summary Order entered October 31, 2023 (requiring the District Court to grant or deny a COA following the dismissal of litigant's piecemeal habeas pleadings under Rule 8(a), even where the claims are not entirely clear).

Frank is finally reminded that if he disagrees with this ruling, the remedy is to appeal. He should not file miscellaneous notices and submissions in this closed case. If he continues to file notices/submissions in this case, the Court will consider filing restrictions.

**IT IS ORERED** that this case is **DISMISSED without prejudice** pursuant to Rule 41(b) and, alternatively, for failure to comply with Rule 8(a).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, to the extent necessary, and the Court will enter a separate judgment closing the civil case.

HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE