**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TRAVIS FRANK,

Petitioner,

v. No. 24-cv-0906-DHU-SCY

STATE OF NEW MEXICO, *et al*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Petitioner Travis Frank's post-judgment filings (Docs. 102-105). Frank was previously incarcerated in state prison and is proceeding *pro se*. The Court dismissed this case after Frank filed over 75 piecemeal pleadings that violate Fed. R. Civ. P. 8(a) and a prior Order. Frank continues to file notices in the closed case, which are similarly difficult to discern. Having reviewed the record and applicable law, the Court will deny post-judgment relief and require Frank to show cause why filing restrictions will not be imposed.

**BACKGROUND**

Frank initiated this case by filing a Letter that references a state murder prosecution; a plea agreement; and various case names. *See* Doc. 1. After submitting the Letter, Petitioner filed 16 more supplemental pleadings. *See* Doc. 2-14; 16-18. The submissions appear to address criminal proceedings involving other defendants in New Mexico's San Juan County Court and cite to various types of state/federal cases. Many of the submissions include a blank space on the last page for a dollar amount [*i.e.,* ($____)], but the cause of action is not clear. *See, e.g.,* Docs. 5, 7.

By a Memorandum Opinion and Order entered August 19, 2025, the Court explained that

"[i]t is not the role of either the Court or the defendant[s] to sort through a lengthy ... complaint and voluminous [supplemental pleadings] ... to construct [Frank's] causes of action." Doc. 19 (Screening Ruling) (quoting *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014)). *See also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); *Pola v. Utah*, 458 Fed. Appx. 760, 762 (10th Cir. 2012) (rejecting submissions that include "everything but the kitchen sink"). The Screening Ruling explains that Frank's submissions violate Fed. R. Civ. P. 8(a), which requires movants to submit a short, plain statement setting forth the grounds for relief.

Consistent with these authorities, the Court declined to consider the merits of Frank's initial filings. *See* Screening Ruling at 1-2. Frank was directed to file a single amended pleading. *Id*. at 2. The Screening Ruling contains instructions on how to comply with Fed. R. Civ. P. 8(a) and describes the differences between civil rights claims and habeas claims. *Id.* Frank was advised that any amended complaint or habeas petition must be legible; describe the factual basis for the claims; and contain a clear request for relief. *Id.* Frank was further advised that his amendment cannot raise claims on behalf of other inmates/defendants. *Id.*; *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Adams ex rel. D.J.W.* v. *Astrue*, 659 F.3d 1297, 1299-300 (10th Cir. 2011) ("a [*pro se*] person may not appear on another person's behalf").

To assist with the amendment, the Clerk's Office mailed Frank a blank civil rights complaint; a blank habeas petition; and a blank *in forma pauperis* application. The Screening

Ruling warns that if Frank fails to file a single amendment - and instead continues to file piecemeal submissions that violate the above instructions - the Court may dismiss this case without further notice. *See* Screening Ruling at 2.

In response, Frank filed over 75 more handwritten submissions. *See* Docs. 20-84; 86-99. Like the initial filings, the submissions appear to reference a state criminal case and the names of various other individuals. They also canvass topics such as European empires, luxury cars, and things that Frank considers evil. By a Memorandum Opinion and Order entered October 28, 2026, the Court dismissed this case without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to … comply with the … court's orders" and, alternatively, pursuant to Rule 8(a) for failure to file a short, plain statement as instructed. *See* Doc. 100 (Dismissal Ruling). Final Judgment was entered the same day. *See* Doc. 101. Frank was reminded that while he can appeal the Dismissal Ruling, he should not file miscellaneous notices and submissions in this closed case. The Dismissal Ruling warns that if Frank continues to file notices/submissions in this closed case, the Court will consider filing restrictions.

Frank filed at least 4 more submissions after entry of the Dismissal Ruling. *See* Docs. 102, 103, 104, and 105. The post-judgment submissions take the same form as his prior filings. They appear to reference criminal cases and government conspiracies but are otherwise difficult to discern. The Court will consider whether any relief is warranted and whether to restrict Frank from submitting further post-judgment motions in this case.

**DISCUSSION**

Where, as here, a *pro se* party files a post-judgment submission within 28 days after the Judgment is entered, courts generally analyze whether there are grounds to reconsider under Fed.

R. Civ. P. 59(e). *See Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008) (A motion to reconsider filed within 28 days after entry of the final judgment is generally analyzed under Rule 59(e)); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (same). Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Parties can also invoke Fed. R. Civ. P. 60(b) within the 28-day period. Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief. However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). A district court has considerable discretion in deciding whether to reconsider a judgment. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Frank's post-judgment submissions (Doc. 102-105) do not set forth any discernable ground for relief under Rules 59 or 60. The submissions continue to set forth unspecified citations and conspiracies as though the case was never closed. To the extent Frank seeks post-judgment relief under Rules 59 or 60, such relief is denied.

The post-judgment submissions are also an abuse of the judicial process, and the Court is not convinced Frank will stop filing pleadings in this case without restrictions. *See Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1991). The following factors are relevant to whether restrictions should be imposed:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, *e.g.* does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*United States v. Kettler*, 934 F.2d 326 (10th Cir. 1991). Before imposing restrictions, courts must provide the litigant with notice and an opportunity to object. *See Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989). If the Court is restricting the litigant's ability to "commence and prosecute future lawsuits," it must also establish "guidelines as to what [the litigant] must do to obtain the court's permission to file an action." *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

These factors favor restrictions in this case. Frank has a lengthy history of filing incomprehensible *pro se* pleadings. He submitted over 75 filings, 4 of which were filed in the closed case. The case was dismissed without prejudice, the Court denied post-judgment relief, and no future filings are needed unless Frank appeals. The Court has repeatedly warned Frank not to continue filing piecemeal submissions, which weighs against any finding of good faith. The post-judgment submissions also significantly burden the Court and its personnel at a time when thousands of immigration detainees are in need of a custody review under 28 U.S.C. § 2241. *See* Judicial Caseload Profile, D.N.M., available on https://jnet.ao.dcn/resources/data-analysis/caseload-data/federal-court-management-statistics/federal-court-management-statistics-september-2026-district-courts (reflecting that during the month of September 2026, the District of New Mexico had the 6th highest number of filings per judgeship out of 94 total judicial districts). Finally, limiting post-judgment submissions just in this case is a mild sanction under the circumstances.

For these reasons, Frank must show cause within twenty-one (21) days why he should not be restricted from submitting further post-judgment filings in the closed case. The restrictions will mean that the Clerk's Office will not file additional letters, notices, motions, and complaints on the docket in this closed case.[1] The restrictions will not impact Frank's ability to commence separate lawsuits, although he is reminded that Rule 8(a) applies to all civil cases filed in Federal Court. If Frank fails to timely respond to this ruling, or if he responds with submissions similar to his first 75-plus filings in this case, the Court will impose the proposed restrictions without further notice.

**IT IS ORERED** that to the extent Frank's post-judgment filings (**Docs. 102-105**) seek reconsideration of the Judgment or relief under Rules 59 or 60, such request is **DENIED**.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of entry of this ruling, Frank shall file a written show-cause response, as set forth above.

DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

[1] The restrictions will not apply to a notice appealing the Dismissal Ruling or this ruling.